b

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| ANDRENIQUE HOWARD,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05422 |
| VERSUS | DISTRICT JUDGE DRELL |
| MICHAEL JARRELL, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Plaintiff Andrenique Howard ("Howard") filed this action pursuant to 28 U.S.C. § 1983, *pro se* and *in forma pauperis.* Because many of Howard's are not state actors or are immune from suit in federal court, and because Howard fails to assert constitutional claims cognizable under § 1983, Howard's action should be DISMISSED WITH PREJUDICE.

### I.   Background

Howard previously filed another § 1983 lawsuit against most of the same Defendants named herein, alleging the same claims of invasion of privacy, identity theft, slander, defamation, "murder, theft and larceny," "human trafficking," "slavery," "rape," and "torture." *See Howard v. Davis*, 1:21-cv-04163 (W.D. La.). Howard filed a motion to voluntarily dismiss that action that was granted, and the defendants were dismissed without prejudice. Howard filed this action that is mostly repetitive of the prior action.

## II.     Law and Analysis

### A.     The Court lacks subject matter jurisdiction over the Defendants who are not state actors.

Section 1983 prescribes redress for conduct by any person who, *under color of state law*, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941); *see also Monroe v. Pape*, 365 U.S. 167, 187 (1961) (adopting the *Classic* standard for purposes of § 1983).  "[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937.

"[S]tate employment is generally sufficient to render the defendant a state actor." *Lugar*, 457 U.S. at 936.  Generally, a public employee acts under color of state

law while acting in his official capacity or while exercising his responsibilities pursuant to state law.  *See West v. Atkins*, 487 U.S. 42, 49-50 (1988).

Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983.  *See Shelley v. Kraemer*, 334 U.S. 1, 13 (1948).

Howard names as Defendants: AT&T; Cricket; Affordable Furnisher; Altice; CVS; Direct TV; Exactax; H&R Block; Jack in the Box; Joel Automotive Co.; Red River Bank; Ryan, L.L.C.; Santa Barbara, L.L.C.; Sonic; State Farm; Suddenlink; Taco Bell; Westside Habilitation Center[1]; Best Western Hotel; and Flavored Operations, L.L.C. (d/b/a Sonic) are private business entities.  These businesses are not state actors, and Howard has not made any allegations that show they acted together with or on behalf of a state.  Therefore, Howard's § 1983 claims against these Defendants should be dismissed *sua sponte,* without prejudice, for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3); *Arbaugh v. Y&Y Corp.*, 546 U.S. 500,514 (2006); *see also Tiner v. Cockrell,* 756 Fed. Appx. 482, 482 (5th Cir. 2019), cert. den., 140 S. Ct. 90 (U.S. 2019) ("Because Tiner failed to plead any facts demonstrating that the defendants acted under color of state law . . .  he failed to plead and establish subject matter jurisdiction . . . .").

Howard also names the St. Mary's Training "Center" (Facility) as a Defendants. St. Mary's Training Facility is a residential facility for developmentally

---

[1] Howard erroneously refers to is a "Westside *Re*habiiltation Center."  It offers medical transportation services.

disabled children and adults that was opened by and is run by the Roman Catholic Church in Rapides Parish, Louisiana.  Howard has not alleged or shown that St. Mary's is a state actor, or acted together with or on behalf of a state actor.  Therefore, Howard's action against St. Mary's Training Facility should also be dismissed *sua sponte,* without prejudice, for lack of subject matter jurisdiction.

B. The Court lacks subject matter jurisdiction over the State Defendants under the Eleventh Amendment.

Howard names as Defendants the Louisiana Department of Revenue; the Louisiana "Food Stamp Office" (correctly known as the Louisiana Department of Child and Family Services); "Medicaid" (correctly known as the Louisiana Department of Health); Louisiana "Department of Motor Vehicles"[2] (correctly known as the "Office of Motor Vehicles"); Louisiana Department of Treasury; "Louisiana Labor & Wages" (correctly known as the Louisiana Department of Labor); and the State of Louisiana.  ECF Nos. 1, 12.

Additionally, Howard sues the New York Department of Treasury; Florida Department of Motor Vehicles; Virginia Department of Motor Vehicles; Georgia Department of Motor Vehicles (correctly known as the Georgia Department of Revenue, Motor Vehicle Division and Georgia Department of Driver Services); Texas Department of Motor Vehicles; and the California Department of Motor Vehicles.

---

[2] Howard names several different Office of Motor Vehicles locations.  However, they are all part of the Louisiana Department of Public Safety.

All of these Defendants are departments or agencies of states. The Eleventh

Amendment to the U.S. Constitution bars all suits in law or equity against an

unconsenting state. *See Neuwirth v. Louisiana State Board of Dentistry*, 845 F.2d

553, 556 (5th Cir. 1988); *see also Walker v. Livingston*, 381 Fed. Appx. 477, 479 (5th

Cir. 2010) (*citing Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)).[3]

The Fifth Circuit has established six factors for determining whether a

particular entity is entitled to Eleventh Amendment immunity: (1) whether state

statutes and case law characterize the agency as an arm of the state; (2) the source

of funds for the entity; (3) the degree of local autonomy the entity exercises; (4)

whether the entity is concerned primarily with local, as opposed to statewide,

problems; (5) whether the entity has authority to sue and be sued in its own name;

and (6) whether the entity has the right to hold and use property. *See Neuwirth*, 845

F.2d at 556.

Under La. R.S. 13:5106, "[n]o suit against the state or a state agency or political

subdivision shall be instituted in in any court other than a Louisiana state court.

Thus, the state of Louisiana has not waived her immunity under the Eleventh

Amendment from suit in federal court. Because the State of Louisiana has Eleventh

---

[3] A jurisdictional dismissal must be without prejudice to refiling in a forum of competent jurisdiction. *See Carver v. Atwood*, 18 F.4th 494, 498–99 (5th Cir. 2021) *(citing Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (explaining, in the context of sovereign immunity, that because a court's dismissal of a case resulting from a lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction, such a dismissal should be made without prejudice)).

Amendment immunity, Howard's action against it should be dismissed for lack of subject matter jurisdiction.

The Louisiana Department of Revenue; the Louisiana Department of Children & Family Services; the Louisiana Department of Health; the Louisiana Workforce Commission, the Louisiana Department of the Treasury, and the Louisiana Department of Public Safety and Corrections are all departments and agencies of the executive branch of the State of Louisiana. La. R.S. 36:4(A).

The Louisiana Department of Revenue is a department of the executive branch of the State of Louisiana (La. R.S. 36:4), an arm of the State of Louisiana, and has Eleventh Amendment immunity. *See Keorner v. Garden District Association*, 2002 WL 31886728, at *9 (E.D. La. 2002). Therefore, the State of Louisiana Defendant is immune from suit in this Court and, Howard's action against it should be dismissed without prejudice for lack of subject matter jurisdiction.

The "Food Stamp Office," correctly known as the Louisiana Department of Children and Family Services (La. R.S. 36:4), is a branch of the state government and "arm of the state," and is entitled to state sovereign immunity. Howard's action against it should be dismissed for lack of subject matter jurisdiction. *See Francisco v. Attorney General,* 2022 WL 2120503, at *3 (W.D. La. 2020), *report and recommendation adopted,* 2020 WL 2119402 (W.D. La. 2020) (*citing Peter-Takang v. Sonnier,* 663 Fed. Appx. 315, 318 (5th Cir. 2016), *cert. den.,* 137 S. Ct. 818 (2017)).

The Louisiana Department of Health is a department of the executive branch of the State of Louisiana (La. R.S. 36:4), an arm of the State of Louisiana, and has Eleventh Amendment immunity. Howard's action against it should be dismissed for lack of subject matter jurisdiction. *See Williams v. Joiner,* 62 F.3d 393, 393 (5th Cir. 1995); *see also Crain v. State Health & Hospital Department,* 2016 WL 1019405 (M.D. La. 2016), *report and recommendation adopted*, 2016 WL 1060260 (M.D. La. 2016).

The Louisiana Department of Labor is a department of the executive branch of the State of Louisiana (La. R.S. 36:4), an arm of the State of Louisiana, and has Eleventh Amendment immunity. Howard's action against it should be dismissed for lack of subject matter jurisdiction. *See Price v. Unifab International, Inc.,* 2005 WL 2898236, at *2 (M.D. La. 2005).

The Louisiana Workforce Commission is a department of the executive branch of the State of Louisiana (La. R.S. 36:4), an arm of the State of Louisiana, and has Eleventh Amendment immunity. Howard's action against it should be dismissed for lack of subject matter jurisdiction. *See Chaney v. Louisiana Work Force Commission*, 560 Fed. Appx. 417, 418 (5th Cir. 2014); *Valdery v. Louisiana Workforce Commission*, 2015 WL 5307390, at *2 (E.D. La. 2015).

The "Louisiana Office of Worker's Compensation" does not exist. Worker's Compensation insurance in Louisiana is provided through private insurers. The Louisiana Workforce Commission provides an administrative process to resolve

disputed worker's compensation claims.  As stated above, the Louisiana Workforce Commission has Eleventh Amendment immunity.

The Louisiana Department of the Treasury is a department of the executive branch of the State of Louisiana (La. R.S. 36:4).  Although the Court found no jurisprudence regarding the Department of the Treasury, it is clear that it has Eleventh Amendment immunity as an arm of the State.  Howard's action against it should be dismissed for lack of subject matter jurisdiction.

The Louisiana Department of Public Safety and Corrections is a department of the executive branch of the State of Louisiana (La. R.S. 36:4), an arm of the State of Louisiana, and has Eleventh Amendment immunity.  Howard's action against it should be dismissed for lack of subject matter jurisdiction.  *See Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985); *see also Courville v. Corrections Corp. of America*, 2015 WL 3651299, at \*2 (W.D. La. 2015); *Loya v. Texas Dept. of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989); *Rowe v. Summers*, 1998 WL 71645, \*2 (E.D. La. 1998); *Hultberg v. State*, 1998 WL 30288, \*4 (E.D. La. 1998); *Brown v. Bonvillain*, 1997 WL 162155, \*3 (E.D. La. 1997).  As a division with the Louisiana Department of Public Safety and Corrections, the Office of Motor Vehicles is entitled to the same immunity.  La. R.S. § 36:401(C)(1)(b)(i); *Hanna v. LeBlanc,* 716 Fed. Appx. 265, 268 (5th Cir. 2017), cert. den., 139 S. Ct. 1266 (U.S. 2019).

The New York Department of Treasury (correctly known as the "Department of Audit and Control") is a department of the State of New York (article 40 of the

8

Executive Law), an arm of the State of New York, and has Eleventh Amendment immunity. Howard's action against it should be dismissed for lack of subject matter jurisdiction. *See TM Park Ave. Associates v Pataki,* 986 F. Supp. 96, 104 (N.D. N.Y. 1997), *vacated in other part,* 214 F.3d 344 (2d Cir. 2000).

The Florida Department of Motor Vehicles (correctly known as the "Department of Highway Safety and Motor Vehicles") is an agency of the State of Florida, an arm of the State of Florida, and has Eleventh Amendment immunity. Howard's action against it should be dismissed for lack of subject matter jurisdiction. *See Gilbert v. Florida Department of State,* 855 Fed. Appx. 501, 503 (11th Cir. 2021); *Sims v. State of Florida, Department of Highway Safety and Motor Vehicles,* 862 F.2d 1449, 1460 (11th Cir. 1989), *cert. den.,* 493 U.S. 815 (1989).

The Virginia Department of Motor Vehicles is a department of the Commonwealth of Virginia and an arm of the state, and has Eleventh Amendment immunity. Howard's action against it should be dismissed for lack of subject matter jurisdiction. *See Braddock v. Virginia Department of Motor Vehicles,* 2018 WL 1512612, at *2 (W.D. Va. 2018).

The Georgia "Department of Motor Vehicles" is correctly known as the Georgia Department of Revenue, Motor Vehicle Division and Georgia Department of Driver Services. The Georgia Department of Revenue is a state entity entitled to Eleventh Amendment immunity. *See Miles v. State of Georgia Department of Revenue,* 797 F. Supp. 987, 988 (S.D. Ga. 1992). As a division of the Department of Revenue, the

Motor Vehicle Division and Georgia Driver Services is entitled to the same immunity. *Compare Hanna,* 716 Fed. Appx. at 268. Howard's action against it should be dismissed for lack of subject matter jurisdiction.

The Texas "Department of Motor Vehicles," correctly known as the Texas Department of Public Safety, is an agency or department of Texas which the Eleventh Amendment shields from suit in federal court. Howard's action against it should be dismissed for lack of subject matter jurisdiction. *See Cleveland v. Liberty County Sheriff's Department*, 626 Fed. Appx. 540, 542 (5th Cir. 2015) (*citing Reimer v. Smith*, 663 F.2d 1316, 1322-23 (5th Cir. 1981)).

The California Department of Motor Vehicles is an agency of the state of California. The Eleventh Amendment bars Howard's suit in federal court against the California Department of Motor Vehicles. Howard's action against it should be dismissed for lack of subject matter jurisdiction. *See Banks v. Department of Motor Vehicles for California*, 419 F. Supp. 2d 1186, 1193-94 (C.D. Cal. 2006) (*citing Dittman v. State of California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999), cert. den., 530 U.S. 1261 (2000)).

Therefore, Howard's claims against the State of Louisiana; the Louisiana Department of Revenue; the Louisiana "Food Stamp Office" (correctly known as the Louisiana Department of Child and Family Services); "Medicaid" (correctly known as

the Louisiana Department of Health); Louisiana "Department of Motor Vehicles"[4] (correctly known as the "Office of Motor Vehicles"); Louisiana Department of Treasury; and "Louisiana Labor & Wages" (correctly known as the Louisiana Department of Labor); the New York Department of Treasury; Florida Department of Motor Vehicles; Virginia Department of Motor Vehicles; Georgia Department of Motor Vehicles (correctly known as the Georgia Department of Revenue, Motor Vehicle Division and Georgia Department of Driver Services); the Texas Department of Motor Vehicles; and the California Department of Motor Vehicles should be dismissed *sua sponte,* without prejudice, for lack of subject matter jurisdiction.

C.    Howard fails to assert an FTCA claim.

Howard has named the United States Department of Treasury;[5] "Medicare" (correctly known as the United States Social Security Administration); "Social Security"[6] (correctly known as the United States Social Security Administration), and "the United States Government" as Defendants.  ECF Nos. 1, 12.

---

[4] Howard names several different Office of Motor Vehicles locations.  However, they are all part of the Louisiana Department of Public Safety.

[5] Although Howard lists different offices in different locations, they are all part of the United States Department of Treasury.

[6] Howard names several different Social Security office locations.  However, they are all part of the United States Department of Health and Human Services.

11

Howard asserts her claims pursuant to § 1983. However, tort claims against the United States must be asserted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, which Howard failed to do.

The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *See Hebert v. United States*, 438 F.3d 483, 487 (5th Cir.2 006). The FTCA permits "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable." *Chapman v. United States*, 353 Fed. Appx. 911, 912 (5th Cir. 2009) (citing *Quijano v. United States,* 325 F.3d 564, 567 (5th Cir.2003)); *see also Fujita v. United States*, 416 Fed. Appx. 400, 401 n. 1 (5th Cir. 2011) (citing 28 U.S.C. § 1346(b)).

To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant. *See McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (*citing Atorie Air, Inc. v. Federal Aviation Administration*, 942 F.2d 954, 957 (5th Cir. 1991)). An FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction. *See Galvin v. Occupational Safety & Health Administration*, 860 F.2d 181, 183 (5th Cir. 1988); *see also Esquivel-Solis v. United States,* 472 Fed. Appx. 338, 339 (5th Cir. 2012) ("An FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction.").

Howard named the United States Department of Treasury, "Social Security," and "Medicare" as Defendants. In her amended Complaint, Howard named the "United States Government" (accepted here as the United States) as a Defendant. ECF No. 12).

However, Howard has not alleged or shown that she exhausted her administrative remedies under the FTCA. Under the FTCA, a plaintiff must give notice of his claim to the appropriate federal agency. Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA. *See Cook v. United States*, 978 F.2d 164, 165-166 (5th Cir. 1992). The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 113 (1993);[7] *see also Price v. United States*, 69 F.3d 46, 54 (5th Cir.1995), *aff'd on rehearing in part*, 81 F.3d 520 (5th Cir. 1996), *cert. den.*, 519 U.S. 927 (1996).

---

[7] Pursuant to 28 U.S.C. § 2401:

> (a) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Because Howard (1) has not alleged FTCA claims; (2) has improperly named

federal agencies or departments as Defendants, rather than just the United States;

and (3) has not alleged or shown exhaustion of FTCA claims, her claims against the

United States Treasury Department, "Medicare," "Social Security," and the "United

States Government" should be dismissed *sua sponte,* without prejudice, for lack of

subject matter jurisdiction.

### D.    The Court may dismiss Howard's remaining claims *sua sponte*, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

In *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998), Bazrowx was a

prisoner.  Because he was not proceeding *in forma pauperis,* the Fifth Circuit found

his complaint could not be dismissed pursuant to § 1915(e)(2). *See Bazrowx,* 136 F.3d

at 1054.  The Fifth Circuit held that the "district court may dismiss an action on its

own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] as long as

the procedure employed is fair."[8] *See also Carroll v. Fort James Corp.,* 470 F.3d 1171,

---

[8] "The Prison Litigation Reform Act (PLRA) [110 Stat. 1321-71, as amended, 42 U.S.C. § 1997(e),[8] et seq.], amended § 1915 to require the district court to dismiss *in forma pauperis* (IFP) prisoner civil rights suits if the court determines that the action is frivolous or malicious or does not state a claim upon which relief may be granted." *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (*citing* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *see also,* § 1915A(b)(1)). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black*, 134 F.3d at 733–34.

Very few Fifth Circuit cases have approved dismissal of non-prisoner suits under the 28 U.S.C. § 1915(e) of the PLRA: *Roberson v. Earle*, 378 Fed. Appx. 396, 397 (5th Cir. 2010); *Gant v. Lockheed Martin Corp.,* 152 Fed. Appx. 396, 397 (5th Cir. 2005), cert. den., 547 U.S. 1110 (2006) (as well as two other cases filed by Gant); *Newsome v. Equal Employment Opportunity Commission,* 301 F.3d 227, 231–33 (5th Cir. 2002), *cert. den.,* 537 U.S. 1049 (2002).  Although these cases have been cited often by district courts, the Fifth Circuit

1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed). Fairness in this context requires "both notice of the court's intention and an opportunity to respond." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *see also Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021); *Davoodi v. Austin Independent School District,* 755 F.3d 307, 310 (5th Cir. 2014). A litigant must have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous. *See Alexander v. Trump*, 753 Fed. Appx. 201, 208 (5th Cir. 2018), cert. den., 139 S. Ct. 1200 (2019) (finding Plaintiff had an opportunity to respond during the 14 day objections period to the recommendation).

Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *See Bazrowx*, 136 F.3d at 1054. A district court errs in failing to provide a pro se plaintiff with notice of the court's intention to dismiss her suit or an

---

appears to have returned to its earlier approach of, *sua sponte,* using Rule 12(b)(6) to dispose of patently meritless or frivolous civil cases filed by non-prisoners under.

Recently, the Fifth Circuit has often cited its approach in *Bazrowx,* in which it dismissed a non-prisoner case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6). *See Anokwuru*, 990 F.3d at 967; *Davoodi,* 755 F.3d at 310; *Carroll*, 470 F.3d at 1177. That approach conforms to earlier cases in which the Fifth Circuit refused to apply the PLRA to non-prisoner detainees, such as ICE detainees. See *Allen v. Fuselier,* 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(i) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and affirming dismissal of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6)).

opportunity to amend her complaint, but such error may be ameliorated if the

plaintiff has alleged her best case or if the dismissal was without prejudice. *See*

*Bazrowx*, 136 F.3d at 1054.

At some point a court must decide that a plaintiff has had fair opportunity to

make her best case, and if, after that time, a cause of action has not been established,

the court should finally dismiss the suit. *See Anokwuru*, 990 F.3d at 967; *see also*

*Ramirez v. City of Arlington, Texas*, 2022 WL 3644197, at *2 (5th Cir. 2022)

### 1.   Howard's claims against unidentifiable Defendants should be dismissed.

Howard also names as Defendants: Scenic Police Department and Koplan

Marie College.

There is no town in Louisiana named "Scenic."  There is also no "Koplan Marie

College" in Louisiana, or any school with a variation of that name.

Therefore, because Howard has not named existing defendants, Howard's

claims against the Scenic Police Department and Koplan Marie College should be

dismissed *sua sponte,* without prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

### 2.   Howard's claim against a city court should be dismissed.

Howard names "City Court" and "City Court of Alexandria" as Defendants.  A

Louisiana "city court" is not a juridical entity with the power to sue or be sued. *See*

La. R.S. 13:1952; *Thorn v. McGary,* 2016 WL 3257583, at *1, n. 1 (E.D. La. 2016),

*aff'd*, 684 Fed. Appx. 430 (5th Cir. 2017), *cert. den.*, 138 S. Ct. 246 (U.S. 2017); *Price*

*v. Orleans Parish Sheriff's Office,* 2016 WL 6477035, at *2 (E.D. La. 2016), *report and recommendation adopted,* 2016 WL 6441278 (E.D. La. 2016); *Rainwater v. 36th Judicial Court*, 2006 WL 2714435, at *3 (W.D. La. 2006).  Therefore, Howard's action against "City Court" should be dismissed *sua sponte,* without prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

> 3.  <u>Howard's claims against the APD of Alexandria/Police Department of Alexandria should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).</u>

Howard names as Defendants the "APD of Alexandria", or "Police Dept of Alexandria," by which she apparently means the Alexandria Police Department.

To raise a viable § 1983 claim, one must show that a state actor infringed his constitutional rights.  See *Pratt v. Harris County, Texas*, 822 F.3d 174, 180 (5th Cir. 2016), *cert. den.,* 137 S. Ct. 1121 (U.S. 2017).  The violation of a constitutional right must be alleged.  And personal involvement is an essential element of a civil rights cause of action.  *See Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.1983), cert. den., 464 U.S. 897 (1983); *see also Davis v. Lumpkin,* 35 F. 4th 958, 963 (5th Cir. 2022).  A plaintiff must show the actions or inactions of each named defendant caused the plaintiff to be deprived of his or her constitutional rights.  *See Rizzo v. Goode,* 423 U.S. 362, 377 (1976).

Howard has not asserted or offered any proof of any act or omission by the Alexandria Police Department that constituted a violation of Howard's civil rights. Therefore, Howard's action for damages against the Alexandria Police Department

(APD of Alexandria, Police Department of Alexandria) should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### 4. Howard's action against the remaining individual Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Howard also names as Defendants: Michael Jarrell; Coreon Davis; Michael Jarrell; Alyssia Arizona Howard; Fantajih Lanae Maliod; Coreon Davis; Coreon Miller; Careon Phillips; Shondrea Williams; Shondreka Williams; and Myrell Howard II. All of these persons were named as Defendants in Howard's previous lawsuit, albeit with occasional slight differences in spelling.[9]

Howard has not explained the identities of these Defendants in either that action (1:21-CV-4163) or this one. She has not explained whether and how these Defendants are state actors. Nor has Howard made specific allegations against these Defendants to show that each of them violated her constitutional rights in some way. Nor has Howard explained how her vague allegations of invasion of privacy, identity theft, slander, defamation, murder, theft, larceny, human trafficking, slavery, rape, and torture violated her constitutional rights.

In the previous action (1:21-CV-4163), Howard amended her Complaint four times. In this action, Howard has amended her complaint once. ECF No. 12. Despite

---

[9] Apparently unsure how to spell the names of some Defendants, in that action, Howard provided alternate names as well. For instance, the "Coreon" names were also spelled "Corleon," "Coreion," and "Corleon"; Maliod was spelled "Maloid" or "Maloiel;" "Miles" was spelled "Milles;" "Fantajih" was spelled "Fantazale" and "Fantajah"; and "Shondreka" was spelled "Shontreka," "Shondreka," and "Shondrea."

these opportunities to amend her complaint to state her best case, Howard's case remains unintelligible.

Because Howard fails to state a § 1983 claim against any Defendant, her action should be dismissed *sua sponte,* without prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

### III.    Conclusion

Based on the foregoing, IT IS RECOMMENDED that all of Howard's claims against every Defendant be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this

__13TH__ day of _____January_____ 2023.

Joseph H.L. Perez-Montes
United States Magistrate Judge