c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDRENIQUE HOWARD, also known as ANDRENIQUE GREEN, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00846 |
| VERSUS | JUDGE SUMMERHAYS |
| FANTAJAH LANAE MALOID, also known as FANTAJAH HOWARD, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a closed case filed by *pro se* Plaintiff Andrenique Howard ("Howard") – also known as Adrenique Green. ECF No. 1. Howard filed two frivolous letter motions (ECF Nos. 26, 27) to answer a federal question and file exhibits in this suit and in her other filed lawsuits. Howard's Motions for Leave (ECF Nos. 26, 27) are hereby DENIED as frivolous.[1] And because Howard's pattern of vexatious filings have continued in her closed cases, further sanctions are recommended.

I. Background

In addition to this lawsuit, Howard has filed four other lawsuits[2] before this Court. Four of those lawsuits, including this one, have already been dismissed as

---

[1] The identical motions filed in her other closed suits are likewise DENIED. *See* 1:21-cv-04163, *Howard v. Davis, et al.*, ECF No. 105; 1:22-cv-05422, *Howard v. Jarrell, et al.*, ECF Nos. 55, 56, 57; 1:23-cv-01132, *Howard v. Labor & Wages, et al.*, ECF Nos. 19, 20.

[2] The four other cases include: 1:21-cv-04163, *Howard v. Davis, et al.*; 1:22-cv-05422, *Howard v. Jarrell, et al.*; 1:23-cv-01132, *Howard v. Labor & Wages, et al.*; 1:23-cv-01408, *Howard v. Christus St. Frances Cabrini Hospital, et al.* These cases were filed from December 3, 2021, until September 27, 2023.

frivolous. After a show cause hearing, this Court recently issued a prefiling injunction and sanctions against Howard as to all cases. ECF No. 23. Since that time, Howard continues to disregard this Court's previous Orders concerning frivolous filings, and continues to visit the office of the Clerk of Court regularly with filings and lengthy, nonsensical inquiries. Howard's conduct – in this lawsuit and the various others she has filed – continues to be vexations and unduly burdensome upon the Court's resources. Consequently, Howard's conduct has been, and remains, detrimental to the interests of justice broadly, and to the interests of all litigants seeking redress before the Court specifically.

## II.  Law and Analysis

Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). And redundant or duplicative filings are also unwarranted. *See Hankerd v. Fed. Bureau of Investigation*, No. 6:19-CV-523-JCB, 2019 WL 7598906, at *2 (E.D. Tex. Nov. 20, 2019), *report and recommendation adopted,* No. 6:19-CV-00523, 2020 WL 265566 (E.D. Tex. Jan. 17, 2020).

Federal courts possess the inherent power "'to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.'" *Obama v. United States*, No. 3:09–CV–2260, 2010 WL 668847, at *5 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Federal courts also bear a "constitutional obligation to protect

their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

"Every paper filed with a court, no matter how repetitious or frivolous, requires some portion of the court's limited resources. A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interests of justice." *Gardner v. Shreve Mem'l Library*, 14-CV-0456, 2014 WL 1315077 at *2 (W.D. La. Mar. 27, 2014) (citing *Martin v. Dist. of Columbia Court of Appeals*, 113 S.Ct. 397, 398 (1992)). "A court 'may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice.'" *Gardner*, 2014 WL 1315077 at *2 (citing *Goldgar v. Office of Administration*, 26 F.3d 32, 36 n.3 (5th Cir. 1994). As the Fifth Circuit has explained, "filing excessive motions could constitute harassment proscribed by Rule 11, even if the motions were well-founded in law or fact[.]" *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc).

On November 30, 2023, the undersigned held a show cause hearing to afford Howard an opportunity to be heard concerning dismissal of her claims, and why additional filing limitations and sanctions should not be imposed. Notice was provided to Howard well in advance, and was copied in all of her pending lawsuits. She failed to appear. The Court dismissed this lawsuit as frivolous, and imposed sanctions and a prefiling injunction against Howard. *See* ECF No. 23.

Despite these sanctions and warnings, Howard continues to engage in the same behavior. Howard's pattern of filing repeated, but frivolous, requests for relief,

3

and visits to the Clerk of Court constitute harassing behavior. Moreover, Howard has been visiting the federal courthouse here in Alexandria with disruptive frequency and length. During these visits she often seeks legal advice and discusses vulgar topics concerning her medical issues and genitalia, including the use of pictures. Howard has also threatened lawsuits against the staff of the Clerk of Court, and falsely alleges things are being stolen from her cases. In sum, the behavior is disruptive to ongoing Court business and harassing to the Court staff.

Thus, in addition to the existing prefiling injunction and sanctions, it is warranted to prohibit further filings in her closed cases, except for a notice of appeal or appellate documents. To be clear, it is not the Court's intent to deprive Howard of access to this Court. However, Howard will not be allowed to abuse the premises or its staff. Any request not prohibited by previous Orders or this Order shall be made via U.S. Mail. Howard's failure to comply with these orders will subject her to further sanctions.

### III. Conclusion

For these reasons – and for the reasons stated in this Court's prior Orders;

IT IS RECOMMENDED that, in addition to the Court's previous orders, which remain in effect,[3] that:

(1) The Clerk of Court shall not accept any further filings in this lawsuit and the other closed cases filed by Howard.[4]

---

[3] *See* ECF No. 23.

[4] 1:21-cv-04163, *Howard v. Davis, et al.*; 1:22-cv-05422, *Howard v. Jarrell, et al.*; 1:23-cv-01132, *Howard v. Labor & Wages, et al.*; 1:23-cv-01408, *Howard v. Christus St. Frances Cabrini Hospital, et al.*

4

(2) Howard shall be prohibited from filing any future documents or motions in this lawsuit and the other closed cases filed by Howard, except for a notice of appeal or appellate documents;
(3) Any request not prohibited by previous Orders or this Order shall be made via U.S. Mail only.

IT IS FURTHER RECOMMENDED that the Clerk of Court enter a copy of this Order in each of Howard's pending and dismissed lawsuits.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on March 5, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5